UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIO GERARD BERNADEL,<br>Petitioner,<br>v.<br>UNITED STATES OF AMERICA et al.,<br>Respondents. | CASE NO. 2:26-cv-02802-DGE<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS (DKT. NO. 4) |

Before the Court is Petitioner application to proceed *in forma pauperis* ("IFP"). (Dkt. No. 4.) Petitioner has submitted an affidavit indicating he has $235.06 in his detainee trust account, but he has no other funds, and it is unclear whether he has sufficient funds available to pay the filing fee. "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (quoting *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339 (1948) (internal quotation marks removed). "This generally includes incarcerated individuals

with no assets and persons who are unemployed and dependent on government assistance." *Portillo v. U.S. Citizenship & Immigr. Servs*., No. C21-5312BHS, 2021 WL 3015201, *1 (W.D. Wash. June 2, 2021).

Petitioner's IFP application sufficiently establishes his indigency. Accordingly, the Court GRANTS Petitioner's application to proceed IFP. However, under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), the Court is required to perform a preliminary review of a habeas petition.[1] Rule 4 directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038, 1040 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)). "A petition may not be cognizable, for example, where the petitioner fails to allege a federal claim . . . or when no claim for relief is stated[.]" *Id.* at 1045 (internal citations and quotations omitted).

A habeas petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242. Habeas Rule 2(c).

Here, Petitioner's habeas petition is deficient. Petitioner's proposed petition (Dkt. No. 4-2) raises several causes of action under the Vienna Convention on Consular Relations, the

---

[1] Available at: https://www.uscourts.gov/file/27805/download (last accessed August 19, 2026). The Habeas Rules also apply to § 2241 petitions. *See* Rule 1(b) (permitting application of the Habeas Rules to other habeas corpus petitions at the Court's discretion).

Foreign Sovereign Immunities Act, the Act of State Doctrine, and various unspecified violations of the Fifth, Tenth, and Eleventh Amendments. Petitioner's proposed petition contains no facts concerning his causes of action.[2] Moreover, the Court notes that it recently denied an earlier habeas petition filed by Petitioner. *Bernadel v. Bondi et al*, Case No. 2:26-cv-01101-DGE.

Accordingly, the Court DENIES Petitioner's petition and directs Petitioner to file an amended petition that addresses the deficiencies identified above no later than **September 21, 2026.** The Court will not issue a scheduling order in this case until a proper amended petition is filed.

The Clerk is directed to calendar this event.

Dated this 19th day of August, 2026.

David G. Estudillo
United States District Judge

[2] The Court notes that Plaintiff asserts, "No private property may be taken without just compensation and due process and 4th Amendment protections[,] unreasonable search and seizures, and 10th and 11th Amendments." (Dkt. No. 4-2 at 4.) Disputes related to private property are not matters properly brought in a habeas petition.